IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00022-M

SHEILA DUNN, )
           Plaintiff, )
            )
v.             )    **ORDER**
            )
ANDREW SAUL, *Commissioner of* )
*Social Security*, )
           Defendant. )

Upon the Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [DE-27] and with the consent of counsel for the Defendant [DE-27 ¶ 10], it is ORDERED that Defendant pay to Plaintiff $6,100.00 in attorney's fees,[1] in full satisfaction of any and all claims arising under the Equal Access to Justice Act, 28 U.S.C. § 2412. If the award to Plaintiff is not subject to the Treasury Offset Program, payment will be made by check payable to Plaintiff's counsel, Charlotte W. Hall, and mailed to her office at P.O. Box 58129, Raleigh, NC 27658, in accordance with Plaintiff's assignment to her attorney of her right to payment of attorney's fees under the Equal Access to Justice Act.

SO ORDERED this the 7th day of October, 2020.

RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE

---

[1] This sum represents 31.25 hours of attorney work performed, see DE 27-1 (outlining dates and time spent on various tasks), which breaks down to an hourly rate of $195.20. The statutorily prescribed rate of $125 per hour is applicable "unless the court determines that an increase in cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A). In the Fourth Circuit a general cost of living index is used to determine the increase in cost of living for purposes of attorney's fees under the statute. *Sullivan v. Sullivan*, 958 F.2d 574, 578 (4th Cir. 1992). "Courts interpreting the *Sullivan* decision have settled on the U.S. Department of Labor's CPI as the proper measure to incorporate a cost of living adjustment in EAJA cases," and the CPI (South Urban Area) more specifically, of which North Carolina is a part. *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, at *5, n.9 (E.D.N.C. Feb. 8, 2008). While Plaintiff's counsel did not outline her calculations, the court has done the math as outlined in *Dixon* and finds that Plaintiff's requested hourly rate falls below the amount available, taking into account the increase in the cost of living.